IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERENCE ALEX STEWART, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-731-O-BF |
| | § | |
| WARDEN CARMONA, et al., | § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management. Plaintiff's Motion for Summary Judgment (doc. 65) and Defendants' Motion for Summary Judgment (doc. 73) are before the Court for Findings, Conclusions, and Recommendation. Neither Plaintiff nor Defendants filed a response, and the time to do so has expired. After consideration of the entire record, the Court recommends that the District Court DENY Plaintiff's Motion for Summary Judgment and DENY Defendants' Motion for Summary Judgment as to the excessive force claims against Defendants Eme and Smith and GRANT Defendants' Motion for Summary Judgment as to all other claims.

**I. BACKGROUND**

Plaintiff Terence Alex Stewart ("Plaintiff" or "Stewart") brings this cause of action pursuant to 42 U.S.C. § 1983, alleging constitutional rights violations against Defendants Tina Carmona, Ethel Smith, and Matthews Eme ("Defendants"). Specifically, he claims that while incarcerated at Hutchins State Jail (1) Eme and Smith used excessive force against him and (2) Smith failed to report the incident. He also brings a claim against Carmona due to her position as Warden during the incident at issue in this case. Plaintiff contends that summary judgment is proper because

Defendants have not expressed any willingness to settle the case. Defendants contend that summary judgment is proper because: (1) Defendants are entitled to Eleventh Amendment Immunity for claims made against them in their official capacities; (2) Defendants are entitled to Qualified Immunity for claims made against them in their individual capacities; (3) the evidence in the record fails to raise a genuine issue of material fact as to whether Defendants Eme and Smith used excessive force against Plaintiff; and (4) Defendant Carmona had no personal involvement in the alleged incident.

## **Undisputed Material Facts**

During all times relevant to his claims, Stewart was an inmate at the Hutchins Unit, Texas Department of Criminal Justice, Institutional Division ("TDCJID"), and Defendants were employees of TDCJID assigned to the Hutchins Unit. (Complaint 3.) Carmona was the Senior Warden, Eme was a Correctional Officer, and Smith was a Lieutenant. (Complaint 3.)

On March 30, 2009, Eme was filling out paperwork in the inmate barber shop area. (Def. App. Ex. G.) Stewart entered the barber shop carrying two packages of soup. (Def. App. Ex. G.) Eme instructed Stewart to return to his housing area, and he refused. (Def. App. Ex. G.) Eme called for assistance. (Def. App. Ex. G.) The facts surrounding the subsequent events are in dispute.

After the incident, Plaintiff was returned to his living quarters. (Def. App. Ex. G.) On March 31, 2009, Stewart was evaluated by medical, where he complained of pain in his right shoulder and middle back and a stiff left hand. (Def. App. Ex. B 72.) The medical records note no significant injury. (Def. App. Ex. B 72.) The medical records also note that Stewart had a small laceration to the back of his hand that he had inflicted himself because he wanted to know the name of the officer who had assaulted him the night before. (Def. App. Ex. B 64.)

On April 2, 2009, Stewart filed a Stage 1 Grievance with Texas Department of Criminal Justice claiming excessive use of force. (Def. App. Ex. A) The claim was denied. (Def. App. Ex. A.) Stewart

2

then filed a State 2 Grievance, which was also denied. (Def. App. Ex. A.)

## Disputed Material Facts

Stewart alleges that on the night of March 30, 2009, he walked into the barber shop at the Hutchins Unit carrying two packages of soup. (Complaint 7.) He claims Eme told him he did not have permission to have the soup. (Complaint 7.) He told Eme that he was "not trying to traffic and trade." (Complaint 7.) Stewart then claims Eme knocked the soup out of his hand, and when Stewart reached down to pick them up, Eme proceeded to stomp on Stewart's left hand, causing it to swell. (Pl. Ans. to U.S.M.J.'s Quest. 1, 2.) He then contends that several other correctional facility officers, including Smith, arrived on the scene and ordered him to drop the soup. (Complaint 7.) He complied, but the officers proceeded to forcefully slam him up against the wall and handcuff him, injuring his back. (Pl.'s Ans. to U.S.M.J.'s Quest. 1, 2.) The officers then returned Stewart to his cell. (Complaint 7.) Stewart further alleges that Smith failed to report the excessive use of force and failed to use a video recorder as required by prison rules. (Pl.'s Ans. To U.S.M.J.'s Quest. 1.)

Defendants claim that the incident was a "non-use-of force event." (Def. App. Ex. G, I.) They deny that Eme stomped on Stewart's hand. (Def. App. Ex. G, I.) They also deny that Smith was present during the incident. (Def. App. Ex. G, I.) Defendants claim that Sergeant Atherton, the floor supervisor, and Officer Little were the only officers that came to assist Eme. (Def. App. Ex. G, I.) They claim Little instructed Stewart to drop the soup packages and face the wall to be handcuffed. (Def. App. Ex. G, I.) Stewart complied without resistance and was taken back to his housing area. (Def. App. Ex. G, I.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and the evidence show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986); *Melton v. Teachers Ins. &*

*Annuity Assoc. of Am.*, 114 F.3d 557, 559 (5th Cir. 1997). The applicable substantive law identifies those facts that are material, and only disputes about material facts will preclude the granting of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is a genuine issue of fact if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Society of Fin. Examiners v. Nat'l Ass'n of Certified Fraud Examiners, Inc.,* 41 F.3d 223, 226 (5th Cir. 1995).

Where, as here, a case is presented by way of cross-motions for summary judgment, each movant has the burden of producing evidence to support its motion. A movant who bears the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). By contrast, a party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products*, Inc., 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993). Any credibility determination between defendant and plaintiff's version of events is inappropriate on a motion for summary judgment. *Tarver v. City of Edna*, 410 F.3d 745, 753 (5th Cir. 2005) (citing *Bazan v. Hidalgo Co.*, 246 F.3d 481, 492 (5th Cir. 2001).

Plaintiff is proceeding *pro se*. The Court must construe the allegations in the complaint

4

liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The terms of 28 U.S.C. § 1746 govern verification of an unsworn complaint. A plaintiff may declare under penalty of perjury that the factual allegations contained in the pleading are true and correct. *See* 28 U.S.C. § 1746. The factual allegations of the verified complaint are endowed with the evidentiary force of an affidavit. *Id.* Plaintiff's answers to the United States Magistrate Judge's Questionnaire are likewise endowed with the evidentiary force of an affidavit because they are verified under penalty of perjury. *See id.* When a *pro se* plaintiff properly executes a complaint or other pleading which calls for a declaration in conformity with 28 U.S.C § 1746, the plaintiff's statements are transformed from mere allegations of a pleading into specific facts as if they were in an evidentiary affidavit. *Searcy v. Cooper*, 2002 WL 535058, *3 (N.D. Tex. 2002) (quoting *McNeal v. Macht*, 763 F. Supp. 1458, 1461 (E.D. Wis. 1991) (citing *Murrell v. Bennett*, 615 F.2d 306, 310 n. 5 (5th Cir. 1980))). Therefore, a plaintiff's failure to proffer evidentiary materials directly in opposition to a defendant's motion does not mandate the entry of summary judgment in favor of the defendant. *Id.*

Plaintiff has filed a verified Complaint as well as answers to the Magistrate Judge's Questionnaire. In this case, the Court will exercise its discretion to consider Plaintiff's verified Complaint and answers to the Questionnaire as competent summary judgment proof. *See Skotak v. Tenneco Resins, Inc.*, 935 F.2d 909, 915 N.7 (5th Cir. 1992); *Bookman v. Shubzda*, 945 F.Supp. 999, 1003 (N.D. Tex. 1996) (Fitzwater, J.).

### III. ANALYSIS

A. Plaintiff's Motion for Summary Judgment

As the party with the burden of proof on all claims, Plaintiff must establish "beyond

5

peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *See Upjohn*, 780 at 1194. Plaintiff contends that summary judgment is proper because "the Defendants to not wish to settle and have not offer [sic] a settlement." Plaintiff's motion is merely conclusory and does not provide any evidence to support a finding that no material question of fact exists as to all elements of his claim. Therefore, the Court finds that Plaintiff's Motion for Summary Judgment should be denied.

B. Defendants' Motion for Summary Judgment

Defendants do not bear the burden of proof at trial and, therefore, must only point to the absence of a genuine issue of material fact. *See Duffy*, 44 F.3d at 312. Defendants contend that summary judgment is proper because: (1) Defendants are entitled to Eleventh Amendment Immunity for claims made against them in their official capacities; (2) Defendants are entitled to Qualified Immunity for claims made against them in their individual capacities; (3) the evidence in the record fails to raise a genuine issue of material fact as to whether Defendants Eme and Smith used excessive force against Defendant; and (4) Defendant Carmona had no personal involvement in the alleged incident.

*1. Eleventh Amendment Immunity*

The Eleventh Amendment of the United States Constitution bars suits in federal court against a state, or one of its agencies or departments, by anyone other than the federal government or another state, regardless fo the nature of the relief requested. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The state may waive this immunity or Congress may override the immunity under Section 5 of the Fourteenth Amendment. *Welch v. Texas Dept. Of Highways and Public Transp.*, 483 U.S. 468, 474 (1987). Immunity has not been waived in this case, and the Supreme Court has held that Congress had no intention to disturb the States' Eleventh Amendment Immunity when it passed Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).

6

A suit for damages against a state official acting in his official capacity is not a suit against that individual, but a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Therefore, a state official acting in his official capacity is not a "person" subject to suit under Section 1983. *Will*, 491 U.S. at 71. Defendants are employees of the state. Therefore, to the extent Stewart bring claims against Defendants acting in their official capacity, those claims are barred by the Eleventh Amendment.

*2. Qualified Immunity*

Defendants contend they are entitled to summary judgment based upon the defense of qualified immunity. Qualified immunity protects public officials in the course of performance of their discretionary duties unless their conduct violates "clearly established [federal] statutory or constitutional [law] . . . of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Anderson v. Creighton,* 483 U.S. 635, 639-40 (1987). The qualified immunity defense was intended to balance the need to stem abuses of office with the expense of litigation, the diversion of official energy from pressing public issues, and deterrence from government service. *Harlow*, 457 U.S. at 818; *see also Scheuer v. Rhodes,* 416 U.S. 232, 247 (1974). It protects these competing interests while allowing trial courts to resolve "insubstantial claims" before discovery and trial. *Harlow*, 457 U.S. at 818; *see also Elliott v. Perez,* 751 F.2d 1472, 1478 (5th Cir.1985) (noting *Harlow* recognized officials are entitled to be free from "overwhelming preliminaries of modern litigation" until the court considers the right to immunity).

The threshold inquiry for the court in ruling on the issue of qualified immunity is as follows:"[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). Then, the Court must determine whether

7

the official's conduct was objectively reasonable under the circumstances. *See Siegert*, 500 U.S. at 231. Objective reasonableness of the officers' conduct must be gauged by the totality of the circumstances. *Stroik v. Ponseti*, 35 F.3d 155, 158 (5th Cir. 1994).

The Eighth Amendment's prohibition against cruel and unusual punishment includes the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1992). When a prisoner brings a claim for excessive use of force by a prison official, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMilliam*, 503 U.S. 1, (1992). To determine whether the use of force was wanton and unnecessary, the Court considers: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Id.*

### I. Claim Brought Against Defendant Eme

Stewart claims Eme used excessive force by stomping on his hand as he reached down to pick up the packages of soup. Whether Eme's conduct in this case amounts to excessive force hinges on facts that remain in dispute. Eme claims that Stewart blocked the entrance to the barber shop area while he was filling out paperwork. When Eme demanded Stewart leave the area and return to his quarters, Stewart did not comply. Eme claims he called for assistance from his supervisor and did not stomp on Stewart's hand. Stewart, on the other hand, claims that Eme knocked the soup out of his hand. He claims that when he reached down to pick up the soup, Eme stomped on his left hand. Due to discrepancies between the parties' versions of events, the Court finds there are genuine issues of material fact regarding the use of force, the need for an application of force, the relationship

8

between the need for and amount of force used, and the threat Eme perceived.

Defendants argue that even if Plaintiff has alleged a valid constitutional violation, Eme's conduct was reasonable due to Plaintiff's past disciplinary history and the threat he posed to Eme at the time. Plaintiff has two "Offense Reports" in his record. On December 14, 2008, Stewart was written up for "throwing or propelling [an] object or substance." (Def. App. Ex. K.) On March 30, 2009, the morning of the incident at issue in this case, Plaintiff was written up for grabbing an officer's hand and making sexual comments. (Def. App. Ex. K.) Even considering Plaintiff's disciplinary history, no reasonable officer would believe that it was lawful to stomp on an obedient prisoner's hand. Material questions of fact still remain regarding the events in question, and the Court cannot say at this time what threat Stewart posed to Eme or how much force was necessary to resolve the situation. Thus, the material issue of the objective reasonableness of Defendants' actions exists and, until resolved, leaves the issue of qualified immunity for later resolution.

Defendants' Motion for Summary Judgment on Plaintiff's excessive force claim against Eme should be denied at this stage of the proceedings. This is not a recommendation that Eme will not be entitled to qualified immunity as a matter of law in this case. Rather, due to disputed issues of material fact in the record, Defendants have not shown at this stage of the proceeding that Eme is entitled to immunity from suit. Therefore the District Court should deny Defendants' motion for summary judgment as to the claim of excessive force against Eme.

### ii. Claims Brought Against Defendant Smith

Plaintiff alleges that Smith failed to report the excessive use of force and failed to use a video recorder as required by the prison rules. Qualified immunity protects public officials in the course of performance of their discretionary duties unless their conduct violates "clearly established [federal]

9

statutory or constitutional [law] . . . of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Stewart has not alleged facts to show any violation a clearly established statutory or constitutional law. Therefore, Smith is entitled to qualified immunity from any of Plaintiff's claims relating to Smith's failure to report the incident or failure to use a video tape recorder.

Plaintiff also alleges that Smith used excessive force when slamming him up against the wall and handcuffing him, causing Stewart to injure his back. Again, material questions of fact remain in dispute. Defendants claim that Atherton and Little were the only officers to respond to Eme's request for assistance. Stewart, on the other hand, claims Smith was present and actively participated in the incident. Furthermore, Defendants admit that Stewart was compliant with their orders. If so, the force alleged by Stewart would have been excessive in relation to the need.

Again, Defendants argue that even if Stewart has alleged a valid claim for excessive force, their actions were reasonable given Stewart's past disciplinary history. As noted above, material questions of fact around the incident remain in dispute and prevent the Court from determining reasonableness at this time. Therefore, the Court finds there are material questions of fact that preclude finding Smith entitled to Qualified Immunity.

Defendants' Motion for Summary Judgment on Plaintiff's excessive force claim against Smith should be denied at this stage of the proceedings. This is not a recommendation that Smith will not be entitled to qualified immunity as a matter of law in this case. Rather, due to disputed issues of material fact in the record, Defendants have not shown at this stage of the proceeding that Smith is entitled to immunity from suit. Therefore the District Court should deny Defendants' motion for summary judgment as to the claim of excessive force against Smith.

*3. Claims for Excessive Use of Force*

Defendants claim that they are entitled to summary judgment on Stewart's excessive force claims because no material question of fact exists. As discussed above, the Court finds that material questions of fact remain in dispute. Thus, summary judgment is improper.

The Court notes that Defendants argue that Plaintiff does not have a valid excessive force claim because his injuries were *de minimis*. To support an Eight Amendment excessive force claim, a prisoner must have suffered a more than *de minimis* physical injury, but there is no requirement that the injury be significant, serious, or more than minor. *Hudson*, 503 U.S. at 9-10; *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999). The amount of injury required "is directly related to the amount of force that is constitutionally permissible under the circumstances." *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999) (quoting *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996). The Court looks not only to the extent of physical injury that actually resulted but also to the motivation behind the use of force. *See Gomez*, 163 F.3d at 924 (finding a more than *de minimis* injury where the application of force was calculated to produce real physical harm).

Plaintiff alleges he suffered a bruised and swollen hand and an injury to his back. He sought medical treatment for these injuries after the incident. He complains that he continues to suffer back pain to this day. The Court finds a material question of fact remains as to the extent of injuries suffered by Stewart. Furthermore, the Court must analyze the injury suffered in the context in which the force was deployed. *See Williams*, 180 F.3d at 703 (finding "fleeting dizziness, temporary loss of breath and coughing" to be a more than *de minimis* injury where the force was motivated entirely by malice). As discussed above, material questions of fact remain as to the entire incident, and therefore, the Court is unable to determine how much force was necessary at this time. Summary judgment as to the excessive force claims against Defendants Eme and Smith should be denied.

*4. Claims Brought Against Defendant Carmona*

11

Stewart names Carmona as a defendant due to her position as Warden of the Hutchins Unit. Supervisory officials cannot be held vicariously liable for a subordinates' violations of a person's civil rights. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir.), *cert. denied*, 488 U.S. 851 (1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985)(per curiam). Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause constitutional deprivation or (2) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *see also Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985), *cert. denied*, 480 U.S. 916 (1987). Stewart has not alleged that Carmona affirmatively participated in any acts that violated his constitutional rights. In his Answers to the United States Magistrate Judge's Questionnaire, Stewart claims that Carmona is letting unconstitutional policies occur at the Hutchins Unit. (Pl.'s Ans. to U.S.M.J.'s Quest. 1.) However, Stewart has pleaded no facts to support this claim. Therefore, summary judgment is proper for all claims asserted against Defendant Carmona.

**IV. RECOMMENDATION**

The Court recommends that the District Court **DENY** Plaintiff's Motion for Summary Judgment and **DENY** Defendants' Motion for Summary Judgment as to the excessive force claims brought against Defendants Eme and Smith and **GRANT** Defendants' Motion for Summary Judgment as to all other claims.

SO RECOMMENDED, December 15, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).