IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERENCE ALEX STEWART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-731-O |
| | § | |
| WARDEN TINA CARMONA, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING AND MODIFYING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Recommendation of the United States Magistrate Judge (ECF No. 82) and Plaintiff's objections thereto (ECF No. 83) filed in accordance with 28 U.S.C. § 636(b)(1). After reviewing all relevant matters of record in this case *de novo*, the Court finds that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted, as modified by this order, as the Findings and Conclusions of the Court.

Plaintiff Terence Alex Stewart ("Stewart") brings this civil action pursuant to 42 U.S.C. § 1983 against Defendants Warden Tina Carmona ("Carmona"), Lieutenant Ethel Smith ("Smith"), and Correctional Officer Mathew Eme ("Eme"). Plaintiff claims that while incarcerated in Hutchins State Jail, Eme and Smith used excessive force against him and that Smith failed to report and properly videotape the incident. Plaintiff joined Warden Carmona solely due to her position as Warden of the jail at the time the alleged incident took place.[1] Both Plaintiff and Defendants moved for summary judgment. *See* ECF Nos. 65, 73. Plaintiff moved for summary judgment on the ground

---

[1] Subsequent to the Findings, Conclusions and Recommendations of the Magistrate Judge, Plaintiff Stewart filed a Motion to Release Warden Carmona (ECF No. 88).

1

that Defendants had not expressed a willingness to settle the case. *See* ECF No. 65. Defendants moved for summary judgment on four grounds: 1) that sovereign immunity bars Plaintiff's claims to the extent the claims were made against Defendants in their official capacities; 2) that qualified immunity bars Plaintiff's claims to the extent the claims were made against Defendants in their individual capacities; 3) that the evidence in the record shows that there is no genuine issue of material fact as to whether Defendants Eme and Smith used excessive force against Plaintiff; and 4) that Defendant Carmona had no personal involvement in the incident. *See* ECF No. 73.

## I. FACTUAL BACKGROUND[2]

During all times relevant, Plaintiff Stewart was an inmate at the Hutchins State Jail. Defendants were employees of the Texas Department of Criminal Justice, Institutional Division at Hutchins. Defendant Carmona was Senior Warden, Defendant Eme a Correctional Officer, and Defendant Smith a Lieutenant.

On March 30, 2009, an incident occurred between Plaintiff Stewart and Defendants Eme and Smith. Stewart entered the inmate barber shop area carrying two cans of soup. Plaintiff claims that after stating that he was not "trying to traffic and trade," Eme knocked the soup cans out of his hands. When he tried to pick them up, Eme stepped on his left hand. Plaintiff contends that several officers then came to the scene and Defendant Smith forcefully slammed him up against a wall before handcuffing him. Plaintiff was then taken to his cell without further incident.

## II. PROCEDURAL BACKGROUND

This case was automatically referred to the United State Magistrate Judge for pretrial management. The Magistrate Judge recommends denying Plaintiff's Motion for Summary Judgment

---

[2] The Court accepts and adopts the factual recitation contained in the Findings, Conclusions, and Recommendation of the Magistrate Judge, and will only briefly review the relevant facts. *See* Findings, Conclusions, and Recommendation 2-3, ECF No. 82.

on the grounds that it was "merely conclusory and does not provide any evidence to support a finding that no material question of fact exists as to all elements of his claim." *See* Findings, Conclusions, and Recommendation 6, ECF No. 82 ("FCR"). The Magistrate Judge recommended granting in part and denying in part Defendants' motion for summary judgment. *See id.* at 1. The Magistrate Judge recommended granting summary judgment for Defendants on all grounds, save for the excessive force claims against Defendants Eme and Smith in their individual capacities. *Id.* Plaintiff's objections to the findings and conclusions of the Magistrate Judge center on immaterial facts. *See* ECF No. 83. Accordingly, the Court adopts and accepts the findings and conclusions of the Magistrate Judge to the extent the Magistrate Judge recommended granting Defendants' Motion for Summary Judgment.

The Magistrate Judge recommended denying Defendants' Motion for Summary Judgment as to Plaintiff's excessive force claims against Defendants Eme and Smith in their individual capacities. *See* FCR 9, ECF No. 82. The Magistrate Judge concluded that genuine issues of material fact precludes finding that the defense of qualified immunity applies to Plaintiff's excessive force claims. *Id.*

### III. LEGAL STANDARDS

#### A. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. Fed. R. Civ. P. 56; *see also Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine

3

dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] Fed. R. Civ. P. 56(a); *see also Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party bears the burden of showing that summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Id.*; Fed. R. Civ. P. 56. The Court must review the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

B.   Qualified Immunity

"A qualified immunity defense alters the usual summary judgment burden of proof." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). "Qualified immunity protects public officials from

---

[3] This language reflects the amendments to the Federal Rules which came into effect on December 1, 2010. As the Committee Note to Rule 56 makes clear, the new language "carries forward the summary-judgment standard expressed in former subdivision (c)." *See* FED. R. CIV. P. 56(a) advisory committee's note (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

4

suit unless their conduct violates a clearly established constitutional right." *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003). While the defendant official must initially plead the defense, "[o]nce the defendant has done so the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law." *Brumfield*, 551 F.3d at 326 (quoting *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001)). "We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs." *Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir. 1997). Thus, because Defendants Eme and Smith raised the defense of qualified immunity in their Motion, the burden lies with Plaintiff Stewart even on summary judgment. *See, e.g. Brumfield*, 551 F.3d at 326.

"The qualified immunity defense has two prongs: whether an official's conduct violated a constitutional right of the plaintiff; and whether the right was clearly established at the time of the violation." *Brown*, 623 F.3d at 253 (citing *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009)). Courts may rely upon either prong of the analysis. *See Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009) ("The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."). Thus, the absence of a genuine issue of material fact on either element means that the defendant is entitled to summary judgment. *See, e.g. Pearson*, 129 S. Ct. at 821.

Qualified immunity is appropriate if an official's actions were "'objectively reasonable' in the light of 'law which was clearly established at the time of the disputed action.'" *Brown*, 623 F.3d at 253 (quoting *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004)). "To be clearly established for purposes of qualified immunity, the contours of the right must be sufficiently clear

that a reasonable official would understand that what he is doing violates that right." *Id.* Whether an official acted reasonably is a question of law, for the Court to decide. *Id.* "'The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law.'" *Brumfield*, 551 F.3d at 326-27 (quoting *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000)).

Since the parties dispute the circumstances surrounding Defendants' use of force, the Court must decide whether any of those factual disputes are material. *Bazan*, 246 F.3d at 488- 89. A fact is material if it "'*might affect* the outcome of the suit under the governing law.'" *Id.* at 489 (quoting *Anderson*, 477 U.S. at 248). Thus, "summary judgment is inappropriate unless the plaintiff's version of the violations does not implicate clearly established law." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 739 (5th Cir. 2000).

IV. ANALYSIS

Summary judgment is appropriate if Defendants Eme and Smith would be entitled to qualified immunity under Plaintiff's version of events, because then the disputed facts would be immaterial. *See, e.g. Goodson*, 202 F.3d at 739. Plaintiff alleges that Defendants used excessive force against him at the Hutchins State Jail on March 30, 2009. *See, e.g.* Pl.'s Resp. Magistrate Judge's Questionnaire 2-5, ECF No. 5. The Eighth Amendment's prohibition of cruel and unusual punishment governs prisoner's excessive force claims against prison officials. *See Hudson v. McMillian*, 503 U.S. 1, 4-5 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986). "'[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" *Hudson*, 503 U.S. at 5 (quoting *Whitley*, 475 U.S. at 319)). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is . . . whether force was applied

6

in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6-7.

"[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary.'" *Id.* at 7 (quoting *Whitley*, 475 U.S. at 321). "The extent of injury may also provide some indication of the amount of force applied." *Wilkins v. Gaddy*, No. 08-10914, 130 S. Ct. 1175, 1178 (Feb. 22, 2010) (per curiam). "The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it." *Id.* However, in *Wilkins v. Gaddy*, the Supreme Court held that dismissing an excessive force claim because a prisoner's injuries were *de minimis* "is at odds with" *Hudson v. McMillian*. *Id.* at 1176. "'When prison officials maliciously and sadistically use force to cause harm . . . contemporary standards of decency are always violated . . . whether or not significant injury is evident.'" *Id.* at 1178 (quoting *Hudson*, 503 U.S. at 7). In addition to considering the extent of the injury suffered, a court should also consider "the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley*, 475 U.S. at 321).

The *Wilkins* court clearly rejected quantum of injury as a bar to prisoner excessive force claims and clarified that *Hudson* "aimed to shift the 'core judicial inquiry' from the extent of the injury to the nature of the force - specifically whether it was nontrivial and 'was applied . . . maliciously and sadistically to cause harm.'" *Id.* at 1179 (quoting *Hudson* 503 U.S. at 7). Accordingly, a court confronting an excessive force claim must look to the nature of the force and discern whether the quantum of force used was nontrivial given the circumstances, and whether such force was applied maliciously and sadistically to cause harm. *Cf. id.*

However, the Supreme Court cautioned that "not 'every malevolent touch by a prison guard

7

gives rise to a federal cause of action.'" *Id.* at 1178 (quoting *Hudson* 503 U.S. at 9). "'The Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not repugnant to the conscience of mankind.'" *Id.* (quoting *Hudson*, 503 U.S. at 9). "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Id.* Having redirected the inquiry to quantum of force, the Supreme Court signaled that *de minimis* or trivial use of physical force was excluded from constitutional recognition. *Cf. id.*; *see also Williams v. Jackson*, 600 F.3d 1007, 1012-13 (8th Cir. 2010). Accordingly, to prevail on an excessive force claim under the Eighth Amendment, a prisoner must show "not only that the assault actually occurred but also that it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 130 S. Ct. at 1180 (quoting *Hudson*, 503 U.S. at 9).

In the instant case, the parties dispute whether the soup cans were knocked out of Plaintiff Stewart's hands, whether his hand was stepped on, and whether he was slammed into a wall while being handcuffed. Plaintiff contends that Defendant Eme used excessive force by stepping on his hand as he went to retrieve his soup cans; and that Defendant Smith used excessive force by slamming him up against the wall while handcuffing him. *See* FCR 9-10, ECF No. 82. Deciding all factual disputes in favor of Plaintiff Stewart, the Court finds that Defendants Eme and Smith did not act unreasonably in light of clearly established law.

    1. Excessive Force Claim Against Defendant Eme

Plaintiff Stewart alleges that Defendant Eme knocked two soup cans out of his hands and stomped on his hand when he went to pick them up. Assuming that Defendant Eme did knock soup cans out of Plaintiff's hands and did step on his hands when he went to grab the cans, Plaintiff has

not met his burden in rebutting qualified immunity. It is undisputed that Plaintiff Stewart had a history of incidents involving prison guards. It is also undisputed that on March 30, 2009, the same day as the alleged incident, Plaintiff Stewart was written up for touching an official in a sexually inappropriate manner and for failing to obey orders. Confronting a prisoner known to have recently disobeyed orders and known for continuously causing trouble, Defendant Eme instructed Stewart to return to his housing area. Plaintiff Stewart refused. Upon his refusal, Defendant Eme knocked the two soup cans out of Plaintiff's hands. When Plaintiff reached down to retrieve the cans, Defendant Eme stepped on his hand.

Plaintiff was not an obedient prisoner maliciously attacked by a prison official, but a prisoner with a history of disobeying orders, refusing to follow a direct order. Defendant Eme told Plaintiff that he did not have permission to have the soup and asked Plaintiff to return to his housing area. Plaintiff refused. When Defendant Eme knocked the soup cans out of Plaintiff's hands, Plaintiff went to retrieve them. These facts do not evince a malicious or sadistic use of force, but rather Defendant Eme's response to disobedience on the part of Plaintiff. Moreover, the medical records show minimal or no injuries and illustrate limited use of force proportionate to Plaintiff's recalcitrance. The Court finds that the nature of the force used by Defendant Eme was minimal and aimed at controlling a recalcitrant prisoner. Accordingly, the Court finds that there are no genuine issues of material fact as to Plaintiff's excessive force claim against Defendant Eme and that Plaintiff has failed to meet his burden in rebutting the defense of qualified immunity.

2. Excessive Force Claim Against Defendant Smith

Plaintiff Stewart alleges that Defendant Smith slammed him against the wall before handcuffing him following the incident with Defendant Eme. Defendant Smith was responding to a call for assistance from Defendant Eme. Plaintiff claims that although he complied with orders

9

to drop his soup cans and prepare to be handcuffed, he was slammed against the wall. The Court finds that this incident involves the sort of *de minimis* use of force excluded from constitutional recognition. "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *See Wilkins*, 130 S. Ct. at 1178 (quoting *Hudson*, 503 U.S. at 9); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973). Defendant Smith, faced with a call for assistance from a fellow officer dealing with a recalcitrant prisoner, pushed the prisoner against the wall. According to the medical records on file, there was no discernible injury. Such use of force does not rise to the level of "malicious and sadistic" and is not "repugnant to the conscience of mankind." An officer called to a scene used force in responding to a recalcitrant prisoner. Accordingly, the Court finds that there is no genuine issue of material fact as to Plaintiff's excessive force claim against Defendant Smith, and that Plaintiff has failed to meet his burden in rebutting the defense of qualified immunity.

V. CONCLUSION

For foregoing reasons, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the Magistrate Judge as modified by this Court's finding that Defendants Eme and Smith are entitled to qualified immunity on Plaintiff's excessive force claims. Accordingly, Defendants' Motion for Summary Judgment is hereby **GRANTED** in its entirety. All claims against each Defendant are **DISMISSED** with prejudice.

**SO ORDERED** on this **21st** day of **January, 2011.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**